UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60282-CR-MARRA

UNITED STATES OF AMERICA,

        Plaintiff,

v.

MARYBETH FEISS,

        Defendant.
_____/

## PLEA AGREEMENT

The United States of America and MARYBETH FEISS (hereinafter referred to as "the defendant") enter into the following agreement:

1. The defendant agrees to plead guilty to the one-count information which charges the defendant with conspiracy to violate the Federal Election Campaign Act by making contributions aggregating $25,000 or more in the names of other persons, in violation of 2 U.S.C. §441f and 2 U.S.C. §437g(d)(1)(A)(I), and to defraud the United States by impairing, impeding, obstructing, and defeating the lawful functions and duties of the Federal Election Commission, all in violation of Title 18, United States Code, Section 371.

2. The defendant is aware that the sentence will be imposed by the Court after considering the Federal Sentencing Guidelines and Policy Statements (hereinafter "Sentencing Guidelines" in an advisory capacity). The defendant acknowledges and understands that the Court will compute an advisory sentence under the Sentencing Guidelines and that the applicable advisory guidelines will be determined by the Court relying in part on the results of a Pre-Sentence Investigation by the Court's probation office, which investigation will commence after the guilty

plea has been entered. The defendant is also aware that, under certain circumstances, the Court may depart from the applicable advisory guideline range and impose a sentence that is either more severe or less severe than the advisory guidelines range. The Court is permitted to tailor the ultimate sentence in light of other statutory concerns. Knowing these facts, the defendant understands and acknowledges that the Court has the authority to impose any sentence within and up to the statutory maximum authorized by law for the offense identified in paragraph 1 and that the defendant may <u>not</u> withdraw the plea solely as a result of the sentence imposed.

3. The defendant also understands and acknowledges that the Court may impose a statutory maximum term of imprisonment of up to five years, followed by a term of up to three years of supervised release. In addition to a term of imprisonment and supervised release, the Court may impose a fine of up to $250,000.00, and the Court may order restitution.

4. The defendant further understands and acknowledges that, in addition to any sentence imposed under paragraph 3 of this agreement, a special assessment in the amount of $100.00 will be imposed on the defendant, which will be paid by the defendant at the time of sentencing.

5. The Office of the United States Attorney for the Southern District of Florida (hereinafter "this Office") reserves the right to inform the Court and the probation office of all facts pertinent to the sentencing process, including all relevant information concerning the offenses committed, whether charged or not, as well as concerning the defendant and the defendant's background. Subject only to the express terms of any agreed-upon sentencing recommendations contained in this agreement, this Office further reserves the right to make any recommendation as to the quality and quantity of punishment.

6. The United States agrees that it will recommend at sentencing that the Court, pursuant to Section 3E1.1 of the Sentencing Guidelines, reduce by two levels, if the defendant's overall offense level is less than 16, or by three levels, if the defendant's overall offense level is 16 or greater, the advisory sentencing guideline level applicable to the defendant's offense based upon the defendant's recognition and affirmative and timely acceptance of personal responsibility. However, the United States will not be required to make this sentencing recommendation if the defendant: (1) fails or refuses to make full, accurate and complete disclosure to the probation office of the circumstances surrounding the relevant offense conduct; (2) is found to have misrepresented facts to the government prior to entering this plea agreement; or, (3) commits any misconduct after entering into this plea agreement, including but not limited to committing a state or federal offense, violating any term of release, or making false statements or misrepresentations to any governmental entity or official.

7. The United States and the defendant agree that, although not binding on the probation office or the Court, they will jointly recommend that the Court make the following findings with regard to the Sentencing Guidelines:

   a. <u>Base Offense Level</u>: Pursuant to USSG § 2C1.8(a), the base offense level is 8.

   b. <u>Value of the Illegal Transactions</u>: Pursuant to USSG § 2C1.8(b)(1), the value of the illegal transactions is more than $400,000.00, resulting in an increase of 14 levels. There are no other applicable enhancements under USSG § 2C1.8.

   c. <u>Mitigating Role</u>: Pursuant to USSG § 3B1.2 (b), the defendant was a minor participant in the criminal activity, resulting in a decrease of 2 levels.

8. The defendant agrees that she will cooperate fully with this Office by:

3

    (a) providing truthful and complete information and testimony, and producing documents, records and other evidence, when called upon by this Office, whether in interviews, before a grand jury, or at any trial or other court proceeding; and

    (b) appearing at such grand jury proceedings, hearings, trials, and other judicial proceedings, and at meetings, as may be required by this Office.

  9. This Office reserves the right to evaluate the nature and extent of the defendant's cooperation and to make the defendant's cooperation, or lack thereof, known to the Court at the time of sentencing. If in the sole and unreviewable judgment of this Office the defendant's cooperation is of such quality and significance to the investigation or prosecution of other criminal matters as to warrant the Court's downward departure from the advisory sentence calculated under the Sentencing Guidelines, this Office may at or before sentencing make a motion pursuant to Section 5K1.1 of the Sentencing Guidelines, 18 U.S.C. §3553(e), or a Rule 35 motion subsequent to sentencing, reflecting that the defendant has provided substantial assistance and recommending sentence reduction. The defendant acknowledges and agrees, however, that nothing in this Agreement may be construed to require this Office to file such a motion and that this Office's assessment of the nature, value, truthfulness, completeness, and accuracy of the defendant's cooperation shall be binding on the defendant.

  10. The defendant understands and acknowledges that the Court is under no obligation to grant a government motion pursuant to Title 18, United States Code, Section 3553(e), 5K1.1 of the Sentencing Guidelines or Rule 35 of the Federal Rules of Criminal Procedure, as referred to in paragraph 9 of this agreement, should the government exercise its discretion to file such a motion.

11. The defendant is aware that the sentence has not yet been determined by the Court. The defendant also is aware that any estimate of the probable sentencing range or sentence that the defendant may receive, whether that estimate comes from the defendant's attorney, the government, or the probation office, is a prediction, not a promise, and is not binding on the government, the probation office or the Court. The defendant understands further that any recommendation that the government makes to the Court as to sentencing, whether pursuant to this agreement or otherwise, is not binding on the Court and the Court may disregard the recommendation in its entirety. The defendant understands and acknowledges, as previously acknowledged in paragraph 2 above, that the defendant may <u>not</u> withdraw her plea based upon the Court's decision not to accept a sentencing recommendation made by the defendant, the government, or a recommendation made jointly by both the defendant and the government.

12. The defendant is aware that Title 18, United States Code, Section 3742 affords the defendant the right to appeal the sentence imposed in this case. Acknowledging this, and in exchange for the undertakings made by the United States in this plea agreement, the defendant hereby waives all rights conferred by Section 3742 to appeal any sentence imposed, including any restitution order, or to appeal the manner in which the sentence was imposed, unless the sentence exceeds the maximum permitted by statute or is the result of an upward departure and/or a variance from the guideline range that the court establishes at sentencing. The defendant further understands that nothing in this agreement shall affect the government's right and/or duty to appeal as set forth in Title 18, United States Code, Section 3742(b). However, if the United States appeals the defendant's sentence pursuant to Section 3742(b), the defendant shall be released from the above waiver of appellate rights. By signing this agreement, the defendant acknowledges that she has

discussed the appeal waiver set forth in this agreement with her attorney. The defendant further agrees, together with the United States, to request that the district court enter a specific finding that the defendant's waiver of her right to appeal the sentence to be imposed in this case was knowing and voluntary.

13. The defendant confirms that she is guilty of the offense to which she is pleading guilty; that her decision to plead guilty is the decision that she has made; and that nobody has forced, threatened, or coerced her into pleading guilty. The defendant affirms that she has discussed the matter of pleading guilty in the above-referenced case thoroughly with her attorney. The defendant further affirms that her discussions with her attorney have included discussion of possible defenses that she may raise if the case were to go to trial, as well as possible issues and arguments that she may raise at sentencing. The defendant additionally affirms that she is satisfied with the representation provided by her attorney. The defendant accordingly affirms that she is entering into this agreement knowingly, voluntarily, and intelligently, and with the benefit of full, complete, and effective assistance by her attorney. The defendant accordingly agrees that by entering into this agreement she waives any right to file any motion or make any claim, whether under 28 U.S.C. §§ 2255, 2254, 2241, or any other provision of law, that contests the effectiveness of counsel's representation up to the time of the entry of her guilty plea.

14. This is the entire agreement and understanding between the United States and the

defendant. There are no other agreements, promises, representations, or understandings.

WIFREDO A FERRER
UNITED STATES ATTORNEY

Date: 15 Feb 12

_____
LAWRENCE D. LaVECCHIO
ASSISTANT UNITED STATES ATTORNEY

Date: 2/15/12

_____
PAUL F. SCHWARTZ
ASSISTANT UNITED STATES ATTORNEY

Date: 2/15/12

_____
JEFFREY N. KAPLAN
ASSISTANT UNITED STATES ATTORNEY

Date: 2-16-12

_____
BRUCE M. LYONS
ATTORNEY FOR DEFENDANT

Date: 2/17/12

_____
MARYBETH FEISS
DEFENDANT

7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-60282-CR-MARRA/VITUNAC

UNITED STATES OF AMERICA,

    Plaintiff,

v.

MARYBETH FEISS,

    Defendant.
_____/

## STIPULATED STATEMENT OF FACTS

If this matter were to proceed to trial, the government would prove by evidence, including witness testimony, documents, and other evidence that, from in or about June 2007 through in or about October 2009, in Broward County, in the Southern District of Florida and elsewhere, defendant MARYBETH FEISS (hereinafter referred to as "FEISS") conspired with Scott Rothstein (hereinafter referred to as "Rothstein") and others to commit an offense against the United States, that is, to knowingly and willfully violate the Federal Election Campaign Act (FECA) by making contributions in the names of other persons, in violation of 2 U.S.C. § 441f, and to defraud the United States by impairing, impeding, obstructing and defeating the lawful functions and duties of the Federal Election Commission (FEC), all in violation of Title 18, United States Code, Section 371 as charged in the Information.

The government's evidence would establish that Rothstein, Rosenfeldt and Adler, P.A. (hereinafter referred to as "RRA") was a law firm with offices located at 401 East Las Olas Boulevard, Fort Lauderdale, Florida and elsewhere. The law firm employed approximately seventy attorneys and engaged in the practice of law involving a wide range of specialties, including labor

and employment law. Rothstein was an attorney and was the Chief Executive Officer (CEO) and Chairman of RRA. FEISS was employed as an administrative assistant to Rothstein at RRA. Her duties included assisting in organizing events, including functions for political candidates, and assisting in collecting campaign contributions made at those events.

John McCain (hereinafter referred to as "McCain") was a candidate in the 2008 federal election for the Presidency of the United States. John McCain 2008, Inc., was formed in or about July 15, 2007, and was the principal campaign committee of McCain's election campaign. It solicited and accepted contributions on his behalf. McCain Victory 2008 was a joint fund-raising committee composed of John McCain 2008, Inc., John McCain 2008 General Election Compliance Fund, the Republican National Committee, the Colorado Republican Federal Campaign Committee, the Republican Campaign Committee of New Mexico, the Republican Party of Wisconsin, and the Republican Party of Minnesota, and it solicited and accepted contributions on behalf of those entities. McCain-Palin Victory 2008 was a joint fund-raising committee composed of the McCain-Palin Compliance Fund, the Republican National Committee, the Michigan Republican Party, the Missouri Republican State Committee, the Ohio Republican Party State Central and Executive Committee, and the Republican Federal Committee of Pennsylvania, and it solicited and accepted contributions on behalf of those entities. McCain Victory Florida was a joint fund-raising committee composed of John McCain 2008, Inc., John McCain 2008 General Election Compliance Fund, Inc., the Republican National Committee, and the Republican Party of Florida, and it solicited and accepted contributions on behalf of those entities.

The Federal Election Commission (FEC) was an agency of the executive branch of the government of the United States that administered and enforced the Federal Election Campaign Act

(FECA). The FEC was responsible for providing accurate information to the public about the amounts and sources of campaign contributions, and it utilized quarterly reports to administer and enforce the FECA. John McCain's campaign committee, and each of the joint fund-raising committees specified above, were required to file quarterly reports with the FEC identifying each person who made a contribution during the reporting period whose contribution or contributions for that calendar year aggregated over $200. During 2007 and 2008, specific FECA provisions limited the amount of campaign contributions an individual could make as follows:

> (a) The maximum individual contribution allowed by law to any federal candidate or his authorized political committee was $2,300 for a primary election and an additional $2,300 for a general election;
> (b) The maximum individual contribution allowed by law to a National Party Committee, such as the Republican National Committee, was $28,500 per calendar year;
> (c) The maximum individual contribution allowed by law to a state or local party committee, such as the Florida or Colorado Republican Party, was a combined total of $10,000 per calendar year; and
> (d) The maximum individual amount of all political contributions to all Federal campaigns, parties, and other political committees was $108,200 during a two-year period.

The FECA provisions also make it unlawful to make contributions in the name of another person or to knowingly permit one's name to be used to effect such a contribution.

Rothstein attempted to dramatically increase the stature and political power of RRA on the federal, state, and local level by making substantial political contributions to political candidates. Rothstein and RRA would utilize these contributions as a means to influence and attempt to influence political officials on the federal, state, and local level in order to obtain political appointments for himself and others and to obtain government contracts for his firm, his businesses, and the businesses of his clients. In order to dramatically increase the amount of political

contributions, and thereby increase his influence, Rothstein enlisted some of the attorneys and administrative personnel of RRA, and other persons associated with RRA, to make political contributions to various political campaigns. Since many of the attorneys and administrative personnel of RRA and others, including FEISS, neither had sufficient funds to contribute to the political campaigns nor the desire to contribute to the various political candidates selected by Rothstein, Rothstein encouraged FEISS and other coconspirators to contribute to the McCain campaign by agreeing that RRA would reimburse the attorneys, administrative personnel, and other persons associated with RRA for the political contributions which FEISS and others made to McCain. With the assistance of FEISS and others, Rothstein also held political fund-raises at his home and elsewhere for McCain.

Even though FEISS and other co-conspirators knew that, due to the federal election campaign laws, the amount of campaign contributions that Rothstein and RRA could make to McCain and other candidates were limited, during calendar year 2007 and calendar year 2008, some of the attorneys, administrative personnel and others associated with RRA, including defendant FEISS, made contributions to the presidential primary campaign of McCain, which were unlawfully reimbursed by RRA.

While FEISS was not aware of the identities of all members of the overall conspiracy and the contributions which they made, the evidence would establish that, during calendar year 2008, some of the attorneys of RRA and their spouses made contributions to McCain Victory 2008, in amounts of approximately $67,000, respectively. During calendar year 2008, some of the attorneys of RRA and their spouses and administrative personnel of RRA made contributions to McCain-Palin Victory 2008, in amounts ranging from approximately $30,000 to approximately $65,000, respectively. During calendar year 2008, some of the attorneys of RRA and their spouses made

contributions to McCain Victory Florida, in amounts of approximately $40,000, respectively. RRA was the nation's top contributor to McCain Victory 2008 and to McCain-Palin Victory 2008, and was the nation's second-leading contributor to McCain Victory Florida. The combined contributions credited as being raised by RRA made RRA the nation's top contributor to all joint fund-raising committees for McCain. The contributions made by RRA attorneys, their spouses, and administrative personnel to the joint fund-raising committees for McCain also resulted in approximately $400,000 in contributions made to the Republican National Party and approximately $450,000 to the state Republican parties.

Each of the contributions made by RRA attorneys, their spouses, and administrative personnel to the McCain-Palin Victory 2008, McCain Victory 2008, and McCain Victory Florida described above, were unlawfully reimbursed by RRA. The conspirators attempted to hide the unlawful nature of the reimbursements by making them in cash or by claiming that reimbursement checks were for bonuses or miscellaneous expenses. The reimbursement checks would, in many instances, exceed the amount of the actual political contribution in order to compensate for any federal income taxes due on the alleged bonuses or miscellaneous expenses, and in order to conceal the fact that the payments were reimbursements for political contributions. Due to the large contributions by RRA, Rothstein became a delegate to the 2008 Republican National Convention and was appointed a member of the Judicial Nominating Committee, which is a committee that advised the Florida governor as to which persons should be nominated to be federal and state judges.

In furtherance of the conspiracy and to achieve the objective thereof, the following overt acts were committed at Broward County, in the Southern District of Florida, and elsewhere:

    (a)    On or about January 18, 2008, FEISS made a $2,300 contribution to John McCain 2008, Inc.

(b)  On or about January 25, 2008, defendant FEISS was reimbursed in cash for the contribution she made to John McCain 2008, Inc.

WIFREDO FERRER
UNITED STATES ATTORNEY

Date: 15 Feb 12

_____
LAWRENCE D. LaVECCHIO
ASSISTANT UNITED STATES ATTORNEY

Date: 2/15/12

_____
PAUL F. SCHWARTZ
ASSISTANT UNITED STATES ATTORNEY

Date: 2/15/12

_____
JEFFREY N. KAPLAN
ASSISTANT UNITED STATES ATTORNEY

I have read the Stipulated Statement of Facts set forth above. I believe that the above-stated facts set forth all the elements for the offense of conspiracy to violate the Federal Election campaign Act (FECA) and to defraud the United States, in violation of Title 18, United States Code, Section 371 as charged in the Information. I agree with all the facts set forth in the Stipulated Statement of Facts.

Date: 2/16/12

_____
BRUCE M. LYONS
ATTORNEY FOR DEFENDANT

Date: 2/17/12

_____
MARYBETH FEISS
DEFENDANT

6